# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAPHAEL D. JIMERSON (#503486)**  CIVIL ACTION NO.

**VERSUS**  21-119-JWD-EWD

**LUKE RHEAMS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**RAPHAEL D. JIMERSON (#503486)**            **CIVIL ACTION NO.**

**VERSUS**                                   **21-119-JWD-EWD**

**LUKE RHEAMS, ET AL.**

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER

Before the Court is the Complaint of Raphael D. Jimerson ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary in Angola, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's claims be dismissed without prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A because Plaintiff failed to exhaust administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e. For the same reasons, it is also recommended that Plaintiff's "Order to Show cause for Preliminary Injunction, and A Temporary Restraining Order"[2] be denied.

**I.    Background**

Plaintiff initiated this action against Luke Rheams, Michael Jack, Jamie Thomas, James Arnold, Zeneika Payne, and Donald Lamanna ("Defendants") alleging violations of his civil rights pursuant 42 U.S.C. § 1983.[3] Plaintiff seeks monetary, declaratory, and injunctive relief.[4]

---

[1] R. Doc. 1.
[2] R. Doc. 4.
[3] Plaintiff complains that in January 2021 he was forced to stand outside without anywhere to sit and without anything to drink while officers "cursed" him. R. Doc. 1, p. 4. Plaintiff also alleges that Defendants violated state coronavirus guidelines, that Luke Rheams pushed him and other Defendants threatened him generally, and he complains of disciplinary charges that resulted in Plaintiff being placed in segregation. R. Doc. 1, pp. 5-7.
[4] R. Doc. 1, p. 9.

## II.  Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[5]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[6]  A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[7]  The law gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[8]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[9]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[11]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[5] Plaintiff was granted permission to proceed *in forma pauperis* on February 26, 2021 (R. Doc. 5), so both statutes apply.
[6] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[8] *Denton,* 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[10] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

face.'"[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[14]

### B. Plaintiff's Claims are Unexhausted on the Face of the Complaint

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[15] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court.[16] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted [17] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[18] However, the United States Court of Appeals for the Fifth Circuit permits a district court to *sua sponte* dismiss a case for failure to state a claim, predicated on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[19]

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.*
[14] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[15] 42 U.S.C. § 1997(e)(a).
[16] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[17] *Hicks v. Garcia*, 372 Fed. Appx. 557, 558 (5th Cir. 2010).
[18] *Jones*, 549 U.S. at 216.
[19] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons. A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first step response form within forty (40) days of receipt of the request (five days for PREA). An inmate dissatisfied with the first step response may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections (DOC). The DOC Secretary must issue a response within forty-five (45) days from the date the request is received using a second step response form. An inmate dissatisfied with the second step response may file suit. Whether or not a second-step response is received, once ninety days have passed from the initiation of the ARP process, unless an extension has been granted, the inmate may file suit.

It is clear from the face of the complaint that Plaintiff's claims are unexhausted, as Plaintiff responded "No" to the question on the complaint form as to whether he presented the facts relating to his complaint in the state prisoner grievance procedure.[20] Plaintiff also failed to provide any reason for failing to exhaust.[21] Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court. Even if Plaintiff believes his complaints establish an emergency situation, he would not be relieved of the requirement to exhaust administrative remedies.[22] Rather, the ARP process

---

[20] R. Doc. 1, p. 3.
[21] R. Doc. 1, p. 3.
[22] *Dartson v. Kastner*, No. 06-180, 2006 WL 3702634, at *2 (E.D. Tex. Dec. 13, 2006).

4

provides special procedures in the event that the situation complained of is an emergency.[23] Plaintiff does not allege that he filed an emergency grievance; rather, his complaint is clear that he did not file a grievance at all. Because Plaintiff failed to complete the either the regular or emergency ARP process prior to filing suit, his claims should be dismissed without prejudice for failure to exhaust.[24]

### C. Plaintiff's "Order to Show Cause for Preliminary Injunction, and a Temporary Restraining Order"[25] Should be Denied

Because Plaintiff failed to exhaust administrative remedies, his "Order to Show Cause for Preliminary Injunction, and a Temporary Restraining Order"[26] should also be denied, as "'[r]equests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused.'"[27]

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims against Luke Rheams, Michael Jack, Jamie Thomas, James Arnold, Zeneika Payne, and Donald Lamanna be **DISMISSED WITHOUT PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A due to Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.[28]

---

[23] La. Admin. Code tit. 22, Pt. 1, § 325(H).
[24] *Dartson*, 2006 WL 3702634.
[25] R. Doc. 4.
[26] R. Doc. 4.
[27] *Muhammad v. Wiles*, __ Fed.Appx. __, 2021 WL 112523, at *4 (5th Cir. 2021) (quoting *McMillan v. Dir., Tex. Dep't of Crim. Just., Corr. Insts. Div.*, 540 Fed.Appx. 358, 359 (5th Cir. 2013)).
[28] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Order to Show Cause for Preliminary Injunction, and a Temporary Restraining Order"[29] be **DENIED** for the same reasons.

## ORDER

Considering the recommendation for dismissal of all claims in this matter, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel[30] is **DENIED** without prejudice to refiling if the recommendation for dismissal is not adopted.

Signed in Baton Rouge, Louisiana, on April 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] R. Doc. 4.
[30] R. Doc. 3.